OPINION
{¶ 1} Defendant-Appellant Carol Cummings appeals the decision of the Harrison County Common Pleas Court granting summary judgment for plaintiff-appellee Steel Valley Bank. The issue raised in this appeal is whether the grant of summary judgment was erroneous. For the reasons stated below, the judgment of the trial court is affirmed.
 STATEMENT OF FACTS {¶ 2} On April 23, 1998, Cummings and her former husband (who was her husband at the time), Lawrence Tuckosh, executed a Commercial Loan Application and Agreement for $48,000 with Steel Valley Bank. This loan was secured by the 41+ acre tract of property where the marital home was located. Cummings and Tuckosh both signed this loan. On that same date, Cadiz Tool Machine, Inc. (a company owned by Tuckosh) also signed a note for $426,500 that was secured by a mortgage on a 41+ acre tract of property and a 2+ acre tract of property (Cadiz Tool Machine, Inc. was located on the 2+ acre tract of land). Cummings did not sign the $426,500 note. Both notes went into default.
 {¶ 3} On November 8, 2002, Steel Valley Bank filed a complaint for foreclosure and money judgment against, among others, Tuckosh, Cummings and Cadiz Tool Machine, Inc. Cummings resisted the proceedings by filing affirmative defenses and counterclaims. Cummings claims that her signature on the loan was fraudulently induced and that violations to the Federal Truth In Lending, Competitive Equality in Banking, and Real Estate Settlement Procedures Acts occurred.
 {¶ 4} After discovery, Steel Valley Bank filed a motion for summary judgment and Cummings filed a motion for partial summary judgment on her affirmative defenses. The trial court granted Steel Valley Bank's motion for summary judgment and denied Cummings motion for partial summary judgment. Cummings finds fault with that determination and timely appeals pro se raising three assignments of error.
 ASSIGNMENT OF ERROR NUMBER ONE {¶ 5} "The trial court's decision summarily dismissing cummings' counterclaim for fraud and deceit is contrary to law (1) because the statements of fact in her sworn affidavit that she signed the loan documents based upon the misrepresentation of the bank that $48,000 of the loan proceeds would go directly into the rehabilitation of the marital home, taken as true, raise genuine issues as to material facts regarding whether the bank's actions constitute a material representation made falsely with intent to deceive which was justifiably relied upon by cummings to her injury, (2) because no rule of law entitles the bank to judgment as a matter of law, and (3) because based upon the evidence it cannot be said that reasonable minds can come to only one conclusion — against cummings."
 {¶ 6} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. Brown v. SciotoCty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711. Thus, we apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. State ex rel. Parsons v. Fleming,68 Ohio St.3d 509, 511, 1994-Ohio-172.
 {¶ 7} The movant bears the initial burden of informing the trial court of the basis for its motion and must identify the parts of the record that tend to show that no genuine issue of material fact exists as to the essential elements of the opposing party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. Once this initial burden is met, the opposing party has a reciprocal burden to raise specific facts that demonstrate that a genuine issue exists for trial. Id. Where the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which it has the burden of proof, summary judgment is appropriate. Id. See, also, Celotex Corp. v.Catrett (1986), 477 U.S. 317, 324.
 {¶ 8} In her first assignment of error, Cummings claims that she was fraudulently induced into signing the loan paper. She claims that Tuckosh told her that $48,000 of the loan would be used to repair the house. She then states in her brief that "When Tuckosh made this representation to her, Cummings realized that the representative of Steel Valley Bank has a duty to speak if Tuckosh's representation was untrue." Appellant's Brief at 6. She contends that the bank representative that was present at the time of executing the loan papers did not indicate to her that the money would be used otherwise. Thus, she relied on this representation and signed the documents. She claims that as a matter of law, Steel Valley Bank was not entitled to judgment. She additionally contends that a trial court errs when it grants summary judgment without providing reasons.
 {¶ 9} Steel Valley Bank rebuts these arguments by first claiming it owed no duty to disclose information to Cummings because they were not in a fiduciary relationship. It then adds that she could not have been deceived because she signed the loan documents, which stated the loan proceeds would be used for business purposes. Steel Valley Bank further contends that Cummings cannot offer testimony that she was informed through silence that part of the loan would be used to repair the marital home, because it contradicts the loan agreement and therefore, under the parol evidence rule is inadmissible. Lastly, it contends that the statute of limitations bars her fraud claim.
 {¶ 10} Expiration of the statute of limitations could dispose of all other possible arguments and rebuttals, and for that reason it will be addressed first. R.C. 2305.09(C) states that the statute of limitations on a fraud claim is four years from the date the fraud is discovered.
 {¶ 11} The loan papers were signed by Cummings on April 23, 1998. The counterclaim alleging fraud was filed on December 19, 2002. This is over the four year limit. However, Cummings claims that she did not discover the fraud until a few months prior to filing the claim. Thus, according to her, the statute of limitations has not expired.
 {¶ 12} The record, and the documents attached to the motion for summary judgment, reveals that Cummings was aware of the alleged fraud the night of signing the papers. By her own admission, at the time of signing the loan documents, Cummings "realized" that the representative of the Bank had a duty to speak if Tuckosh's representation was untrue. Additionally, in the pleadings of her divorce action and at trial during her divorce proceeding, she acknowledged that she knew of Tuckosh's deceit because he said to her the night after she signed the mortgage that now she would never own the home. (Divorce Tr. 449, Carol Tuckosh's Proposed Findings in the Divorce Proceeding). These documents were proper evidence attached to the motion for summary judgment. Civ.R. 56(C) (staff note acknowledging that in 1999 the pending case language was excluded from section (C) thus, transcript of evidence for other case could be filed and considered in deciding the motion for summary judgment). Her recognition that she obtained knowledge of the alleged fraud shortly after signing the mortgage shows that she was aware of the fraud claim approximately 4½ years before she filed the claim. Thus, the fraud claim is barred by the statute of limitations.
 {¶ 13} This determination renders all other arguments made under this assignment of error moot. However, before disposing of this assignment of error, we will address Cummings contention that the trial court erred when it "summarily disposed by a one-sentence entry — made without comment, analysis, and/or citation" her claims.
 {¶ 14} It is true that in previous cases this court has stated that providing a basis for summary judgment in the journal entry is helpful. Scassa v. Dye, 7th Dist. No. 02CA779, 2003-Ohio-3480 (urging trial courts to provide reasons for the grant of summary judgment as it is helpful and often persuasive to the appellate court). Yet, a failure to provide reasons in and of itself does not constitute reversible error. As explained above, an appellate court reviews a grant of summary judgment de novo. Thus, regardless of any of the trial court's stated reasons for granting summary judgment, we must conduct an independent review of the record and law. Consequently, the trial court's one-sentence journal entry, as long as it is supported by the law and the record, is sufficient.
 {¶ 15} As aforementioned, the fraud claim is barred by the statute of limitations. Thus, the record and the law support the trial court's grant of summary judgment for Steel Valley Bank. This assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 16} "The trial court's decision summarily dismissing cummings' counterclaims for violations of the united states truth in lending act, the united states equality banking act of 1987, and the united states real estate settlement procedures act is contrary to law (1) because the statements of fact in cummings sworn affidavit that the bank failed to make required disclosures regarding interest, and further refused to provide her copies of loan documents both at the time of signing and later upon her requests, taken as true, raise genuine issues as to material facts regarding whether the bank made the required disclosures and provided copies of loan documents to the consumer, (2) because no rule of law entitles the bank to judgment as a matter of law, and (3) because based upon the evidence it cannot be said that reasonable minds can come to only one conclusion — against cummings."
 {¶ 17} In this assignment of error, Cummings argues that Steel Valley Bank violated the Truth In Lending, Competitive Equality Banking, and Real Estate Settlement Procedures Acts. She contends that her affidavit attached to the motion for partial summary judgment raises genuine issues of material fact for violation of these statutes. Thus, the trial court erred by granting summary judgment for Steel Valley Bank.
 {¶ 18} Under the Truth In Lending Act, Cummings states that the lender must give copies of loan documents to borrowers, including purpose-of-loan documents and right-of-rescission documents. She argues that Steel Valley Bank did not comply with these requirements.
 {¶ 19} The Truth In Lending Act is found in Section 1601 et seq., Title 15, U.S. Code. In section 1603, it states:
 {¶ 20} "This title [15 USCS § 1601 et seq.] does not apply to the following:
 {¶ 21} "(1) Credit transactions involving extension of credit primarily for business * * *."
 {¶ 22} The Eleventh Circuit has held that in determining whether the disclosure requirements in the Truth In Lending Act are applicable to the loan, courts must look not at how the loan is eventually used, but at the purpose of the loan. Smith v.Russellville Prod. Credit Assn. (C.A.11, 1985), 777 F.2d 1544.
 {¶ 23} Cummings was aware that the purpose of the loan was for business. She signed a loan document titled "Disbursement Request and Authorization," which specifically states that, "The primary purpose of this loan is for business (including real estate investment)." It then states in the next sentence that the specific purpose of the loan is "equity injection to Cadiz Tool 
Machine, Inc." Furthermore, in the divorce proceedings she acknowledged that the loan for $48,000 was a SBA loan for the business. (Plaintiff's Exhibit 111 attached to Plaintiff's Motion for Summary Judgment). Thus, given this evidence, it is clear that the Truth In Lending Act does not apply.
 {¶ 24} Next, under the United States Competitive Equality Banking Act of 1987, Cummings states that lenders must make written disclosure on the limits of the interest rates they can charge on loans. Cummings contends that Steel Valley Bank did not comply with this requirement. Cummings cites to Section 3806, Title 12, U.S. Code for this proposition.
 {¶ 25} Cummings is correct that Section 3806 does require an "adjustable rate mortgage loan" to include a limitation on the maximum interest rate that may apply during the term of the mortgage loan. However, in the definitions of this section it states that the term "adjustable rate mortgage loan" means anyconsumer loan secured by a family dwelling unit. Section 3806(d)(2), Title 12, U.S. Code.
 {¶ 26} As explained above, the loan at issue is not aconsumer loan, but rather is a business loan. Thus, this statute is also inapplicable.
 {¶ 27} Lastly, Cummings cites the United States Real Estate Settlement Procedures Act to argue that Steel Valley Bank did not provide, as it was required, notice of rescission and financial information regarding disbursement of funds.
 {¶ 28} Cummings is correct that the United States Real Estate Settlement Procedures Act does require, upon a borrower's request that information regarding rescission and disbursement must be given by the bank. Regardless, this statute is not any more applicable than the above statutes cited by Cummings.
 {¶ 29} The Real Estate Settlement Procedures Act is found in Section 2601 et seq., Title 26, U.S. Code. In Section 2606, Title 12, U.S. Code, the "Exempted transaction" statute states that this act does not apply to credit transactions involving extension of credit primarily for business. It further states that this exemption shall be the same as the exemption for the Truth In Lending Act. Section 2606(b), Title 12, U.S. Code.
 {¶ 30} As explained under the analysis of the Truth In Lending Act, this loan's primary purpose was for business. Thus, as with the Truth In Lending Act, this statute also does not apply.
 {¶ 31} Nonetheless, even if the statutes were applicable, the statute of limitations has expired. As stated under the first assignment of error, Cummings did not file the claims until 4½ years after signing the loan papers. The statute of limitations for the Truth In Lending Act and the Competitive Equality Banking Act is one year for a damage claim, and three years for a right of rescission claim. Section 1640(e), Title 15, U.S. Code; Section 3806(c), Title 12, U.S. Code. The statute of limitations on the Real Estate Settlement Procedures Act is three years. Section 2614, Title 12, U.S. Code.
 {¶ 32} Also under this assignment of error, Cummings once again raises an issue with the trial court's one-sentence journal entry summarily dismissing her claims. As stated under the first assignment of error, the one-sentence journal entry does not in and of itself constitute error. Thus, finding that the law and record support the trial court's grant of summary judgment on the Truth in Lending Act, Competitive Equality Banking Act, and Real Estate Settlement Procedures Act claims, this assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER THREE {¶ 33} "The trial court's decision summarily granting the bank's motion for summary judgment on its claims for foreclosure is contrary to law because such decision is precluded by (1) cummings' defense of failure of consideration, (2) cummings' defense of fraud and deceit, (3) cummings' defense of violation of the united states truth in lending act, (4) cummings' defense of violation of the united states equality banking act of 1987, and (5) cummings' defense of violation of the united states real estate settlement procedures act."
 {¶ 34} Arguments made under Cummings' third assignment of error are just reiterations of the arguments made in the above two assignments of error. She re-raises her fraud and statutory claims, and asks this court to reverse the trial court's judgment based upon those arguments. Relying on the analysis under both assignments of error, this assignment of error is without merit.
 {¶ 35} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Waite, P.J., concurs.
DeGenaro, J., concurs.